WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro E. Camacho,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of San Luis, et al.,<br><br>　　　　Defendant. | No. CV-06-1462-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's request to enter default (doc. 6), defendants' response (doc. 10), plaintiff's reply (doc. 11), defendants' objection (doc. 12), defendants' supplemental objection (doc. 13), and plaintiff's response to the objections (doc. 14).

Plaintiff named several fictitious defendants. The use of fictitious names is disfavored, but is sometimes helpful where the identity of alleged defendants is unknown prior to the filing of the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). A plaintiff may therefore file an action and use its discovery mechanisms to learn the actual defendant's name. Id. Once the actual defendant is discovered, the plaintiff should amend the complaint to name the actual defendant, and serve the defendant in accordance with Rule 4, Fed. R. Civ. P. However, "[t]he court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry." 2 James Wm. Moore et al., Moore's Federal Practice § 10.02[2][d][i]; see Fed. R. Civ. P. 11.

1    Here, plaintiff names as defendants Othon Luna, Chief of the San Luis Fire
2    Department; Jane Doe Luna, "solely in her capacity as a member of the Luna marital
3    community"; and various entities. <u>First Amended Complaint</u> at 2. Although plaintiff knew
4    or learned Jane Doe Luna's actual name, Estelle Luna, he did not move to amend the
5    complaint to include it. And he served her with a summons that named Jane Doe Luna,
6    rather than her actual name. Defendants City of San Luis and Othon Luna filed a timely
7    answer. Estella Luna filed an answer after receiving plaintiff's request for entry of default.

8    Plaintiff requests and vigorously argues that the clerk should enter default because
9    Estelle Luna's answer was tardy. The request is denied. All known defendants are
10   represented by the same counsel. Estelle Luna's name was not included in the original
11   answer due to the ambiguity caused by plaintiff's pleading practice. She is not actually
12   named in the complaint, and she is only fictitiously named by virtue of her marital
13   relationship with Othon Luna. This dispute has nothing to do with the merits of the action
14   and should have been resolved amicably by the parties without court intervention. This is
15   a woeful sign that plaintiff seeks to profit from legal gamesmanship rather than to justly
16   vindicate his rights. Plaintiff's counsel shall consult the terms of the Lawyer's Creed of
17   Professionalism of the State Bar of Arizona and shall not charge his client for services
18   associated with this unnecessary element of the litigation. And defendants are directed to
19   LRCiv 7.2, and reminded that the rules provide for a response and reply to a motion, and no
20   more.

21   **IT IS ORDERED DENYING** plaintiff's request for entry of default against Jane Doe
22   Luna (doc. 6). The clerk shall not enter default.

23   DATED this 21st day of July, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -